UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAKEYTA RENEA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-1398 NAB |
| ) | |
| MANOR CARE HEALTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the filing of plaintiff's amended complaint, as well as various motions filed by plaintiff. Because plaintiff is proceeding in forma pauperis in this matter, the Court is required to conduct an initial review of the amended complaint and dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a person immune to such relief. 28 U.S.C. § 1915(e). Upon review of the amended complaint, the Court finds that plaintiff's claims against the individual defendants, as well as all business entities and governmental entities other than plaintiff's prior employer (Manor Care) should be dismissed. Plaintiff's claims that are not mentioned in her charge of discrimination are also subject to dismissal. The Clerk will be ordered to issue process or cause process to be issued on Manor Care Health Services as to the remaining claims in plaintiff's amended complaint.

### Background

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq* (the "ADA"). Plaintiff also appears to allege a state law claim for retaliatory discharge under the Missouri Workers' Compensation Act, Mo.Rev.Stat. § 287.780.

Plaintiff's amended complaint is difficult to read, however, it appears that she is alleging claims of race, gender, color, religion, national origin and ADA/disability discrimination (retaliatory discharge and failure to provide accommodations). Plaintiff also appears to be alleging state "tort liability from state and federal officials."

Plaintiff brings this action against the following individuals and entities: Manor Care Health Services (her former employer); Corporate Administrator Linda Mundaman; Administrator Anita Martinez; Director of Nursing LaShanda Hill; Director of Nursing Loretta Lovelace; Human Resource Manager Carol Joette; Claims Administrator Janet Nanto; Workers' Compensation Department; Tasha Allen, LPN; Cassandra Blair, LPN; Administrator Kristin Nesser; Workers' Compensation Manager Robin Bowen; Insurance Co. of the State of Penn.; Broadspire Services, Inc.; Six Separate Claims Adjusters at Broadspire Services, Inc.; Missouri Department of Labor and Industrial Relations; Various Managers, Directors, Administrators, Supervisors at the Missouri Dept. of Labor and Industrial Relations; Missouri Division of Workers' Compensation and various Commissioners and Judges and workers and legal counsel at the Division of Workers' Compensation (including court reporters and mediators); United States Occupational Safety and Health Administration ("OSHA") and various workers at OSHA; U.S. Department of Labor and various workers at the U.S. Department of Labor; plaintiff's former private attorneys (and staff members) and medical doctors.

Plaintiff attached a right to sue letter to her original complaint from the Equal Employment Opportunity Commission ("EEOC") dated January 27, 2017. Plaintiff has additionally attached her charge of discrimination to her original complaint, which contains background information relative to her claims. *See* Fed.R.Civ.P.10(c). The Court incorporates these documents, by reference, into plaintiff's amended complaint.

In her charge of discrimination, plaintiff checks the boxes for race, disability and retaliation. She asserts that she is an African American female, hired by Manor Care Health Systems as a Certified Nurse's Aide on October 27, 2010 and discharged on October 27, 2011. Plaintiff claims she was injured on the job on August 8, 2011 and is now disabled as a result of that injury. Plaintiff asserts that she was terminated in retaliation for filing a workers' compensation claim, and as a result of her absences from work which were purportedly caused by her injury. She claims that after her discharge the retaliation continued when she was denied access to work records that she needed for her workers' compensation claim. Plaintiff also asserts that her employer submitted fraudulent documents related to her workers' compensation claim. Plaintiff additionally claims that she was discriminated against by being discharged and being denied access to her employee records on the basis of her race and on the basis of retaliation and her disability in violation of both Title VII and the ADA.

## Discussion

As noted above, because plaintiff is proceeding in forma pauperis in this action, the Court is obligated to review her pleadings for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915. The Court is required to dismiss any claims or defendants where jurisdiction is lacking or relief cannot be had.

There is no individual liability for supervisors under Title VII or Title I of the ADA. *See Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a

3

result, all supervisors, management, and administrators named in this action as defendants cannot be held personally liable for violations of Title VII and the ADA, and the Court will dismiss these defendants from the amended complaint.

Plaintiff has not alleged how these individuals, managers or administrators purportedly engaged in "tort" activity or fraudulent activity against her. Her conclusory allegations against these individuals are not entitled to an assumption of truth and do not state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). Thus, to the extent she has brought any state law claims for garden variety "fraud" or "tort" against these individuals, her claims are subject to dismissal at this time.[1] *Id.*

The Court will next turn to plaintiff's charge of discrimination and examine her allegations in her amended complaint against those alleged in her charge. The Eighth Circuit has established that:

> The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit.... Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC "investigation which could reasonably be expected to grow out of the charge of discrimination."

*Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir.1988) (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir.1985)). Any allegations that exceed the scope of the plaintiff's EEOC charge "circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick–GMC Truck, Inc.*, 201 F.3d 827, 836 (8th Cir.2000). Failure to include each type of discrimination asserted in an EEOC charge is equivalent to a failure to

---

[1] Plaintiff lists her workers' compensation attorneys (and staff members), as well as her workers' compensation doctors as defendants in this action. However, she has not made any allegations against these defendants. These defendants will be dismissed from this action for the same reasons as those listed above. *See Iqbal*, 129 S.Ct. at 1950-51.

4

exhaust administrative remedies with respect to those types of discrimination omitted. *See Habib–Stevens v. Trans States Airlines, Inc.*, 229 F.Supp.2d 945, 946–48 (E.D.Mo.2002).

Because plaintiff did not raise her gender, color, religion, or national origin discrimination claims in her EEOC Charge of Discrimination, the Court finds that she did not exhaust her administrative remedies with respect to those claims, and they are not allowed. Accordingly, plaintiff's claims for discrimination and/or retaliation as a result of gender, color, religion, and national origin are subject to dismissal.

Additionally, plaintiff's claims brought pursuant to the Occupational Health and Safety Act and against the United States Occupational Safety and Health Administration will also be dismissed. The Occupational Safety and Health Act "creates no private right of action for an injured employee against his employer." *B&B Insulation, Inc. v. Occupational Safety and Health Review Comm'n*, 583 F.2d 1364, 1371 n. 11 (5th Cir. 1978). Further, to bring an action under the Federal Torts Claims Act ("FTCA") against a federal agency, 28 U.S.C. § 1346, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a). Non-compliance with § 2675(a) operates as a jurisdictional bar to proceeding in federal court. *McCoy v. United States*, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency."). Plaintiff has not alleged that she has exhausted her OSHA claims. Thus, these claims are also subject to dismissal.

Similarly, plaintiff cannot bring an action against the U.S. Department of Labor or its employees. Under 5 U.S.C. § 8128(b), the decision of the Secretary of Labor to grant or deny workers' compensation is final and is not subject to review by this Court. *Brumley v. U.S. Dept. of Labor*, 28 F.3d 746, 747 (8th Cir. 1994).

As to plaintiff's claims under the Missouri Workers' Compensation Act relating to her workplace injury at Manor Care, the Missouri's Workers Compensation Act provides the exclusive rights and remedies for claims involving workplace injuries sustained by a worker in the course and scope of her employment. *See Wright v. St. Louis Produce Market*, 43 S.W.3d 404, 414 (Mo. Ct.App.2001); Mo.Rev.Stat. § 287.120.1. And the Labor and Industrial Relations Commission has the exclusive jurisdiction to determine whether an employee's injuries occurred as a result of the employee's employment. *See Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723 (Mo. Banc 1982). Thus, this Court has no power to overrule the decision of the Labor and Industrial Relations Commission, and plaintiff's claims against the Commission and the Division of Workers' Compensation and its workers are subject to dismissal.

Plaintiff has not fully articulated her claims against Broadspire and/or the insurance company servicing her workers' compensation injuries (the Insurance Company of the State of Pennsylvania). Nonetheless, these claims are also preempted by the Missouri Workers' Compensation Act and must be handled through the Labor and Industrial Relations Commission.

In conclusion, plaintiff's remaining claims in this lawsuit are against Manor Care, pursuant to Title VII and the ADA. Plaintiff alleges race discrimination and retaliatory discharge in violation of Title VII. She further claims that Manor Care failed to accommodate her purported disability and retaliated against her in violation of the ADA. Plaintiff additionally claims retaliatory discharge under the Missouri Workers' Compensation Act, Mo.Rev.Stat. § 287.780. The Clerk will be ordered to issue process on these claims as to plaintiff's amended complaint.

### Plaintiff's Pending Motions

Plaintiff requests appointment of counsel in this employment discrimination matter. The Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. [Doc. #2]

Next plaintiff requests additional time to file an amended complaint with the assistance of counsel. As the Court has denied plaintiff appointed counsel, her requests for additional time will be denied as moot. [Doc. #13 and #15]

Plaintiff has filed a two-page motion asking the Court to "accept jurisdiction of her employment discrimination complaint." Plaintiff requests the grounds under which she is bringing her Title VII action against defendant Manor Care, some of which the Court has dismissed above as a result of plaintiff's failure to allege these grounds in her charge of discrimination. As such, the Court will deny plaintiff's motion without prejudice. [Doc. #16]

Last, plaintiff requests leave to file documentation relating to "service she was denied by the EEOC." The Court will deny plaintiff's request. [Doc. #17]

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to be issued as to defendant Manor Care Health Services on plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that that all claims against all individual defendants, "supervisors", "management", "administrators" and "directors" named in plaintiff's amended complaint are **DISMISSED** as frivolous or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's Title VII claims for discrimination and/or retaliation as a result of gender, color, religion, and national origin are **DISMISSED** because these claims were not alleged in plaintiff's charge of discrimination. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims brought pursuant to the Occupational Safety and Health Act and against the United States Occupational Safety and Health Administration are **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against Broadspire, Inc., the Insurance Co. of the State of Pennsylvania, the Missouri Department of Labor and Industrial Relations, the Missouri Division of Workers' Compensation and the U.S. Department of Labor are **DISMISSED** as the Court has no jurisdiction over workers' compensation claims and decisions regarding workers' compensation claims are not reviewable by this Court.

**IT IS FURTHER ORDERED** that plaintiff's claims against her former workers' compensation attorneys and medical doctors are **DISMISSED**. *See* 28 U.S.C.§ 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motions for additional time to file an amended complaint [Doc. #13 and #15] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to accept jurisdiction of her employment jurisdiction complaint [Doc. #16] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's motion to submit documentation of denial of service by the EEOC [Doc. #17] is **DENIED**.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of September, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE