UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAKEYTA RENEA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV1398 JCH |
| | ) |
| MANORCARE HEALTH SERVICES, INC., | ) |
| et al., | |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant ManorCare Health Services, Inc.'s ("ManorCare") Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim, filed April 24, 2018. (ECF No. 51). The motion is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Makeyta Jones was hired by Defendant ManorCare on October 27, 2010. (*See* Equal Employment Opportunity Commission ("EEOC") Intake Form, attached to Plaintiff's Complaint, ECF No. 1-1, P. 10).[1] Plaintiff's employment was terminated on October 27, 2011. (*Id.*).

Plaintiff initiated contact with the EEOC on March 28, 2016. (ECF No. 1-1, P. 13). Despite a series of entreaties from the EEOC, Plaintiff never returned a signed Charge of

---

[1] On a Motion to Dismiss, "[c]ourts 'may consider materials that necessarily are embraced by the pleadings or that are part of the public record and do not contradict the complaint.'" *Bryan v. Bank of America, N.A.*, 2018 WL 485968, at *5 n. 1 (E.D. Mo. Jan. 18, 2018) (quoting *Mickelson v. Cty. Of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016)). "'For example, courts may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Id.* (quoting *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015)).

Discrimination.  In a letter dated September 19, 2016, Dana M. Engelhardt ("Engelhardt") of the EEOC informed Plaintiff that as of that date, the EEOC had notified ManorCare that Plaintiff intended to file a Charge of Discrimination.  Engelhardt stated that the EEOC could not proceed further, however, until Plaintiff signed and returned the drafted Charge of Discrimination previously mailed to Plaintiff.  (*Id.*, P. 53).  Engelhardt continued as follows:

> As we discussed today, the information you provided does not sufficiently support your allegations of race or disability discrimination or retaliation as defined by the statutes enforced by our agency.  Please see the enclosed brochure "Retaliation/Reprisal".
>
> Your termination by the employer in 2011 would not be timely filed under the statutes we enforce.  Discriminatory actions must have occurred within a 300 day time period from the date of filing, in order to protect your private suit rights in federal court, and also within 180 days to protect your private suit rights under the Missouri Human Rights Act….
>
> The subsequent actions you describe that were taken by the employer, within the last 300 days appear to be directly related to your filing of a workers compensation claim.  To date, there is insufficient evidence to support that the employer's actions were based on your race, your disability, or retaliation as defined by the statutes we enforce.  Therefore, without further supporting evidence, an investigation of your allegations will not be considered, and a Dismissal and Notice of Rights will be issued upon receipt of your signed charge of discrimination.
>
> If you do not return a signed charge, a Dismissal and Notice of Rights will be issued as well.

(*Id.*, PP. 53-54).  The EEOC eventually issued its Dismissal and Notice of Rights letter on January 27, 2017.  (ECF No. 1-6).

Plaintiff filed her original Employment Discrimination Complaint with this Court on April 27, 2017.  (ECF No. 1).  In addition to ManorCare, Plaintiff named dozens of individuals and agencies as Defendants.  In a Memorandum and Order entered May 2, 2017, the Court ordered Plaintiff to submit an Amended Complaint, containing a short and plain statement of the facts she believed entitled her to relief.  (ECF No. 6).  Plaintiff submitted her Amended

Complaint on August 25, 2017, in which she asserted claims against the same parties under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA"), the Occupational Health and Safety Act, the Federal Tort Claims Act, the Missouri Workers' Compensation Act, Mo.Rev.Stat. § 287.780, as well as garden variety "fraud" and "tort" claims. (ECF No. 14). Plaintiff attached her unsigned Charge of Discrimination[2], in which she alleged as follows:

I. I was hired by HCR Manor Care Health Systems as a Certified Nurse's Aide on October 27, 2010. I am African-American. I was discharged from my position on October 27, 2011. I was injured on the job on August 8, 2011 and am now disabled as a result of the way I was treated following my injury.

II. I believe that I was terminated from my position due to my absences from work and in retaliation for filing a worker's compensation claim. Since my discharge I continue to be retaliated against by my former employer by being denied access to my records. I most recently requested copies of my records related to my on the job injury and my worker's compensation claim in March 2016, and have been denied access to these records. I believe that my employer submitted fraudulent documents in order to deny me worker's compensation.

III. I believe that I have been discriminated against by being discharged and denied access to my employee records on the basis of my race, black; and on the basis of retaliation; in violation of Title VII of the Civil Rights Act of 1964, as amended; and in violation of the Americans with Disabilities Act.

(ECF No. 1-5).

In a Memorandum and Order entered September 29, 2017, the Court dismissed all of Plaintiff's claims except those against ManorCare for race discrimination and retaliatory discharge in violation of Title VII, failure to accommodate and retaliation in violation of the ADA, and retaliatory discharge under the Missouri Workers' Compensation Act. (ECF No. 18).

---

[2] Plaintiff attached the Charge of Discrimination to her original Complaint, and the Court incorporated the document by reference into the Amended Complaint. (*See* ECF No. 1-5; September 29, 2017, Memorandum and Order, ECF No. 18, P. 2).

On December 28, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint. (ECF No. 31). The Court granted Plaintiff's motion on January 17, 2018, but cautioned Plaintiff not to include previously dismissed Defendants or claims in her Second Amended Complaint. (ECF No. 36). Plaintiff ignored the Court's warning in her Second Amended Complaint, filed March 19, 2018, instead renaming previously dismissed Defendants and reasserting previously dismissed claims. (ECF No. 38).[3]

As noted above, ManorCare filed the instant Motion to Dismiss on April 24, 2018, claiming Plaintiff's claims under Title VII, the ADA, and the Missouri Workers' Compensation Act must all be dismissed as untimely. (ECF No. 51).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a

---

[3] The Court will not address the previously dismissed Defendants or claims in this Order. Furthermore, although Plaintiff names a number of new Defendants in her Second Amended Complaint, she does not make any allegations against those Defendants, and so they will be dismissed from this action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-80, 129 S.Ct. 1937, 1949-51 (2009).

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Title VII And The ADA

As noted above, Plaintiff's employment with ManorCare terminated on October 27, 2011. Plaintiff waited until March 28, 2016, to initiate contact with the EEOC, however, and at best her Charge of Discrimination was deemed filed on September 19, 2016.

Both Title VII and the ADA require that a charge be filed with the EEOC within 180 days of the alleged unlawful employment practice occurring. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).[4] Plaintiff's Second Amended Complaint and her Charge of Discrimination establish that her termination occurred in October of 2011, and thus Plaintiff's Charge of Discrimination was filed well beyond the 180-day deadline. As such, any claims of discrimination relating to the original firing are time-barred and must be dismissed.

Plaintiff attempts to salvage her claims by maintaining ManorCare engaged in ongoing discrimination after her employment ended. Specifically, Plaintiff alleges that subsequent to her termination, ManorCare retaliated against her by refusing to provide her records regarding her

---

[4] 42 U.S.C. § 2000e-5(e)(1) provides that "in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." There is no indication in the record that Plaintiff initially instituted proceedings with a State or local agency; instead Plaintiff submitted an intake form she filed with the Missouri Commission on Human Rights dated June 28, 2016. In any event, Plaintiff's Charge of Discrimination would be untimely under the 300-day limit as well.

work-related injuries. (*See* Plaintiff's Opposition to ManorCare's Motion to Dismiss, ECF No. 71, PP. 28-29).

Upon consideration, the Court finds Plaintiff's allegations insufficient to survive ManorCare's Motion to Dismiss. With respect to the ADA, this Court has held that former employees are not covered. *See EEOC v. Group Health Plan*, 212 F.Supp.2d 1094, 1097-99 (E.D. Mo. 2002). Furthermore, while Title VII prohibits certain post-employment acts of retaliation, *see EEOC v. Group Health Plan*, 212 F.Supp.2d at 1099, to succeed Plaintiff must allege actions on ManorCare's part that "rise to the level of a materially adverse employment action." *Othman v. City of Country Club Hills*, 2010 WL 5173194, at *11 (E.D. Mo. Dec. 14, 2010) (quoting *Littleton v. Pilot Travel Centers*, 568 F.3d 641, 644 (8th Cir. 2009) ("'[T]o be materially adverse, retaliation cannot be trivial; it must produce some 'injury or harm.'"")). Here, as noted by ManorCare Plaintiff cites neither a Missouri or Federal statute, nor a binding Court Order or other legally compulsory event, requiring that ManorCare respond to her request for documents. (*See* Defendant ManorCare's Memorandum in Support of its Motion to Dismiss for Failure to State a Claim, ECF No. 52, P. 7). More importantly, Plaintiff's own submissions demonstrate that ManorCare employees responded to her entreaties on several occasions, and attempted to provide the requested documentation. Plaintiff's assertions thus amount merely to a complaint that she was dissatisfied with the response, and that alone is insufficient to support a claim of post-employment retaliation under Title VII. This portion of ManorCare's Motion to Dismiss will therefore be granted.

II. <u>**Retaliatory Discharge Under the Missouri Workers' Compensation Act**</u>

In her remaining claim, Plaintiff alleges retaliatory discharge under the Missouri Workers' Compensation Act. As noted above, although Plaintiff's employment terminated on

October 27, 2011, she did not file her original Complaint with this Court until April 27, 2017. Claims for retaliation under the Missouri Workers' Compensation Act are subject to a five year statute of limitations, *see* Mo. Rev. Stat. §§ 287.430, 516.120(2), and so Plaintiff's claim is time-barred.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ManorCare's Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim (ECF No. 51) is **GRANTED**, and Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice. An Appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th Day of July, 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE